IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER RIVERA | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-382 |
| KEVIN SMITH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Francisco Javier Rivera, a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Kevin Smith, Lorie Davis, and Rochelle Rogers.[1]  Defendant Smith was the Warden of the Stiles Unit, Defendant Rogers was the Safe Prisons Coordinator at the Stiles Unit, and Defendant Davis was the Director of the Correctional Institutions Division at the time Plaintiff filed this action.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff has been diagnosed with multiple sclerosis and gender dysphoria.  Plaintiff was prescribed injections, which were administered three times each week, to treat those conditions.  Initially, Plaintiff had a medical pass to go back and forth from the Stiles Unit infirmary for the

---

[1] Plaintiff also identified Lois Torvar, a nurse, as a defendant in the Original Complaint.  The Office of the Attorney General (OAG) advised the court that there is no record of an employee named Lois Torvar, and the OAG was unable to identify the individual referred to in Plaintiff's Complaint.  Plaintiff did not identify Lois Torvar in the Amended Complaint (doc. #33), which is the live pleading in this case.  Therefore, the claims against Lois Torvar were effectively dismissed by Plaintiff.

injections. On April 13, 2020, Plaintiff was sexually assaulted. After the sexual assault, Plaintiff was assigned to transient status in the administrative segregation building for protection while prison officials conducted an Offender Protection Investigation.

Offenders housed in administrative segregation must be escorted to medical appointments by correctional officers. The correctional officers assigned to administrative segregation frequently failed to escort Plaintiff to the medical department for appointments, although other prisoners in administrative segregation were escorted to their medical appointments. As a result, Plaintiff missed 100 out of 120 medical appointments for injections and suffered serious complications from being deprived of the medications. Plaintiff notified Defendant Rogers, the Stiles Unit Safe Prisons Coordinator, about the missed appointments on three occasions. Defendant Rogers allegedly told Plaintiff that she would fix the problem, but she did not. Plaintiff also notified Defendant Smith, the Stiles Unit Warden, about the missed appointments, but he failed to correct the problem.

Plaintiff contends that the conditions of confinement in administrative segregation were unsafe. Plaintiff alleges the ventilation system was broken during the summer of 2020, and the temperature inside the building exceeded 100 degrees for several weeks. Inmates allegedly set fires in their cells, which the correctional officers failed to extinguish. The smoke from the fires was so thick that it was difficult to see or breathe. On some occasions, correctional officers failed to distribute lunch trays to the inmates. Plaintiff alleges Inmate George Weber was also assigned to the administrative segregation building, and that he posed a danger to Plaintiff.

<u>Motion to Dismiss</u>

Defendants moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend that Plaintiff's claims for injunctive and declaratory relief are moot

because Plaintiff is no longer confined at the Stiles Unit. Defendants contend that Plaintiff failed to allege facts demonstrating they violated Plaintiff's constitutional rights. Finally, Defendants assert that qualified immunity protects them from liability.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v.*

*Toledo*, 446 U.S. 635, 640 (1980)*; Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002).

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Personal Involvement*

To successfully plead a cause of action in a civil rights case, Plaintiff must enunciate a set of facts illustrating the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). In this case, Plaintiff does not allege facts demonstrating that Defendant Davis, the former Director of the Correctional Institutions Division, was personally involved in any of the incidents that form the basis of this civil rights action. Rather, it appears Plaintiff sued her based on her supervisory position at the time of the alleged assault. In addition, Plaintiff has not alleged any facts demonstrating that the named Defendants were personally involved in the claims concerning the heat, fires and smoke, and food service in administrative segregation while Plaintiff was assigned to that building. With respect to these claims, it appears that Plaintiff is suing Defendants in their supervisory capacities.

Under § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only for implementing a policy that repudiates constitutional rights and the policy is the moving force of the constitutional violation. *Id*. Accepting Plaintiff's allegations as true, there is no basis to hold Defendants liable in a supervisory capacity because Plaintiff does not allege that they

implemented a constitutionally-deficient policy that resulted in Plaintiff's injuries. Plaintiff's conclusory assertions are insufficient to state a claim for supervisory liability against the defendants.

*Eleventh Amendment Immunity*

It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the sovereign has unequivocally expressed a waiver of its immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 613 (5th Cir. 2003). State officials sued in their official capacity are not liable for damages under 42 U.S.C. § 1983 because they assume the identity of the government that employs them. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, to the extent that the defendants are sued in their official capacities, they are immune from liability with respect to Plaintiff's claims for damages.

*Qualified Immunity*

Defendants contend they are entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is intended to protect all officials, except those who are plainly incompetent or who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). The first prong of the test requires the court to determine whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at

the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Plaintiff's allegations meet the second prong of the test because a prisoner's rights to treatment for serious medical needs and to be protected from assault by other inmates were clearly established at the time of the alleged violations. Thus, the court must determine whether Plaintiff has alleged sufficient facts demonstrating the violation of a constitutional right.

*Deliberate Indifference to Medical Needs*

Defendants Smith and Rogers contend that Plaintiff failed to state an Eighth Amendment claim against them with respect to Plaintiff's missed medical treatments for multiple sclerosis and gender dysphoria. Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment,

whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't Crim. Just.*, 239 F.3d 752, 754 (5th Cir. 2001).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, the plaintiff must have been exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). The plaintiff must also demonstrate that the defendants were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendants were aware of an excessive risk to plaintiff's health or safety, and consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Plaintiff allegedly missed 100 out of 120 appointments for injections to treat multiple sclerosis and gender dysphoria. Plaintiff states that Defendants Smith and Rogers were aware that

7

Plaintiff was not being escorted to the medical department for injections, but they failed to take action to ensure Plaintiff received necessary medical treatment. At this stage of the litigation, Plaintiff's allegations must be accepted as true, and the allegations are sufficient to state a plausible claim that Defendants Smith and Rogers were deliberately indifferent to Plaintiff's serious medical needs. Thus, they are not entitled to qualified immunity based on the record before the court.

*Failure to Protect*

According to the Amended Complaint, Defendant Rogers assigned Plaintiff to the same administrative segregation building as George Weber, which allegedly placed Plaintiff "in harm's way." (Doc. #33 at 6.)

Although prison officials have a duty under the Eighth Amendment to protect prisoners from other inmates, not all inmate-on-inmate violence rises to the level of a constitutional violation. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). As discussed above, to state a claim under the Eighth Amendment, a prisoner must prove that he was exposed to a substantial risk of serious harm, and that the defendants were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. Under exceptional circumstances, a defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. *Farmer*, 511 U.S. at 842; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

In this case, Plaintiff has not alleged any facts showing that George Weber presented a risk to Plaintiff merely by being confined in the same building, or that Defendant Rogers was aware of a risk of harm to Plaintiff. Further, Plaintiff was not actually harmed by George Weber. Because

8

the facts alleged by Plaintiff do not state a failure to protect claim against Defendant Rogers, the defendant is entitled to qualified immunity with respect to this claim.

*Declaratory and Injunctive Relief*

Plaintiff seeks unspecified injunctive and declaratory relief. (Doc. #33 at 1.) However, Plaintiff was not confined at the Stiles Unit when this action was filed and has not been assigned to the Stiles Unit during the pendency of this action. Plaintiff's transfer from the Stiles Unit has rendered moot the claims for declaratory and injunctive relief regarding conditions at the Stiles Unit. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

## Recommendation

Defendants' Motion to Dismiss should be denied with respect to the medical claims against Defendants Smith and Rogers. In all other respects, the Motion should be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by


the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 21st day of August, 2023.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE